UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-CR-08070-Hurley

UNITED STATES OF AMERICA,

v.

KAALUM HANKINS,

Defendant.
_____/

FILED by _____ D.C.

SEP 16 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

The Defendant, KAALUM HANKINS, appeared before the Court on September 16, 2013, represented by counsel, for a hearing on violation of supervised release. The Defendant was originally convicted of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and possession and use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). As a result of this conviction, the Defendant was sentenced to 37 months in prison for Counts 1 & 2, to run concurrently, followed by 60 months in prison for Count 3, to run consecutively to Counts 1 & 2, followed by 3 years of supervised release for Counts 1 & 3 and 5 years of supervised release for Count 2, all to run concurrently.

After serving the prison portion of his sentence, the Defendant commenced his supervised release on May 21, 2007. He is now charged with violating two mandatory conditions of his supervised release: (I) failing to refrain from violation of the law by (1) on February 18, 2011, possessing a firearm as a convicted felon, in violation of Florida Statute § 790.23(1)(a) and (3) on February 18, 2011, driving while license suspended (habitual

1

offender), in violation of Florida Statute § 322.34(10)[1]; and (II) possessing a firearm, as defined in 18 U.S.C. § 921, in that police officers of the Town of Palm Beach discovered during the course of Defendant's arrest on February 18, 2011, that Defendant possessed a Taurus PT 145 .45 Caliber handgun.

At the final hearing, the Defendant freely and voluntarily admitted to the violations as charged and expressed his wish to proceed to sentencing as soon as possible. Defendant also stipulated to pretrial detention until his sentencing.

Accordingly, the Court RECOMMENDS that the District Court accept the Defendant's admissions and find the Defendant guilty of both alleged violations. The Court further RECOMMENDS that this matter be set down for sentencing before the District Court.

A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Judge Daniel T. K. Hurley, within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See U.S. v. Warren, 687 F.2d 347, 348 (11th Cir. 1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of September, 2013.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE

---

[1] In the Petition for Warrant, subpart (2) of the first violation consisted of a charge for Grand Theft of a firearm, in violation of Florida Statute § 812.014(2)(c)(5). During the hearing, the Government asked that the subpart be stricken, since, as reflected in the underlying state court judgment, the Defendant pled guilty to only 2 counts – being a felon in possession of a firearm and driving while license suspended. The Government presented no evidence on the violation in subpart 2, and the Court recommends that the Defendant be found NOT GUILTY of that portion of the violation.

2